UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-3132(DSD/AJB)

Scott H. Lansing,

       Plaintiff,

v.                                           **ORDER**

Wells Fargo Bank, N.A.,

       Defendant.

> Jonathan L.R. Drewes, Esq., Michael J. Wang, Esq. and Drewes Law, PLLC, 1516 West Lake Street, Suite 300, Minneapolis, MN 55408, counsel for plaintiff.
>
> Charles F. Webber, Esq., Ellen B. Silverman, Esq., Erin L. Hoffman, Esq. and Faegre & Benson, LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss counts IV and V by defendant Wells Fargo Bank, N.A. (Wells Fargo). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This foreclosure dispute arises out of a mortgage loan from World Savings Bank, FSB[1] (World Savings) to plaintiff Scott H. Lansing. On August 25, 2004, Lansing and World Savings executed a

---

[1] World Savings later changed its name to Wachovia Mortgage, FSB (Wachovia). In 2009, Wachovia merged into Wells Fargo Bank, N.A. See Hoffman App., ECF No. 7, at 2-8.

promissory note (Note) in exchange for a mortgage of real property located at 12015 Mayflower Circle, Minnetonka, Minnesota 55305 (the Property).[2]  See Compl. ¶¶ 1, 4.  On April 15, 2005, the mortgage was recorded with Hennepin County.  Id. ¶ 4.

After an event of default, Wells Fargo began nonjudicial foreclosure proceedings.  See id. ¶ 6.  The default was not cured, and the Property was sold at a sheriff's sale on August 30, 2011. Id.

Lansing filed this action in Minnesota state court on October 4, 2011, asserting various violations of the Minnesota nonjudicial foreclosure statute, the Fair Debt Collection Practices Act (FDCPA) and consumer fraud.  Wells Fargo timely removed, and moves to dismiss the FDCPA and consumer fraud claims.[3]  The court now considers the motion.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

---

[2] The legal description is Lot 9, Block 1, Mayflower Hills, Hennepin County, Minnesota.

[3] Lansing voluntarily withdrew his consumer fraud claim.  See Pl.'s Mem. Opp'n 2.  As such, the court dismisses the claim without prejudice.

(quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).[4]

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, 398 F.3d 995, 997 (8th Cir. 2005). "A debt collector may not use false, deceptive, or misleading

---

[4] The two appendixes filed by Wells Fargo are public record and are necessarily embraced by the complaint.

misrepresentation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).  A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6) (emphasis added).  Meanwhile, a creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Id. § 1692a(4).  "A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." Schmitt, 398 F.3d at 998 (citation omitted).

Lansing argues that Wells Fargo violated the FDCPA by instituting nonjudicial foreclosure proceedings without providing notice pursuant to Minnesota Statutes §§ 580.03 and 580.041.  In response, Wells Fargo argues that it is not a "debt collector." The face of the complaint states that Wells Fargo was acting as a creditor.  Construing all inferences in a light most favorable to

Lansing, he pleads no facts from which the court could draw a reasonable inference that Wells Fargo is a debt collector under the FDCPA.[5]

Lansing next argues that Wells Fargo is a debt collector, because it was assigned Lansing's mortgage after the debt was already in default. See Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1009 (D. Minn. 2008) (explaining that debt collector includes an assignee of debt if debt was in default at time of assignment). The court disagrees.

Lansing pleaded no facts regarding the default date of the mortgage. Moreover, there is no evidence that the mortgage was assigned to Wells Fargo, which merged with Wachovia.[6] Therefore, dismissal of the FDCPA claim is warranted.

---

[5] The court also notes that a majority of cases explain that banks instituting nonjudicial foreclosures are not debt collectors for purposes of the FDCPA. See Landayan v. Wash. Mut. Bank, No. CV 11-03566, 2011 WL 5882678, at *3 (N.D. Cal. Nov. 23, 2011); Gillespie v. Countrywide Bank FSB, No. 3:09-CV-556, 2011 WL 3652603, at *2 (D. Nev. Aug. 19, 2011) (citing Diessner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009)); see also Boone v. Wells Fargo Bank, N.A., No. 07-3922, 2009 WL 2086502, at *7-8 (D. Minn. July 13, 2009) (holding that Wells Fargo was not debt collector when reporting debt to consumer-reporting agency).

[6] Prior to foreclosure, disclosure of all assignments of the mortgage must occur. See Minn. Stat. § 580.02, subdiv. 3. The notice of foreclosure lists no assignments of the mortgage. Hoffman App., ECF No. 10, at 31-33. This notice is "prima facia evidence that all the requirements of law ... have been complied with." Id. § 580.19.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The defendant's motion to dismiss [ECF No. 2] is granted;

2. Count IV is dismissed with prejudice; and

3. Count V is dismissed without prejudice.

Dated:  December 23, 2011

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court